MEMORANDUM DECISION
In February of 1998, Roy Jones filed a declaratory judgment action in Columbiana County, Ohio. Because all four of the named defendants were entities or people residing in Franklin County, Ohio, venue of the case was transferred to Franklin County. Mr. Jones tried to get the case transferred back to Columbiana County, but was unsuccessful.
The trial judge assigned to the case in Franklin County eventually journalized an order requiring Mr. Jones to show cause as to why the lawsuit should not be dismissed because the complaint did not state a claim for which relief could be granted. Mr. Jones responded with a document entitled "Protest/Exception." The trial judge then dismissed the case, finding that Mr. Jones was trying to appeal the cancellation of his driver's license through use of a declaratory judgment action instead of use of an administrative appeal under R.C. 119.12. The journal entry dismissing the case was filed February 2, 1999.
Mr. Jones responded by filing a document entitled "Protest and Exceptions, and Tandem Motion for Reconsideration." He then filed a notice of appeal.
Mr. Jones has filed a brief in the appeal assigning a single error:
 The lower court erred in dismissing Plaintiff-Appellant's complaint.
In 1994, the Ohio Bureau of Motor Vehicles canceled Mr. Jones' driver's license because, in addition to signing his name in the space for a signature on his license, he also wrote "without prejudice." Mr. Jones did nothing about this cancellation at the time. Specifically, he did not follow the requirements of the Ohio Administrative Procedures Act to pursue an appeal to his local court of common pleas. Instead, almost four years later, he filed the current lawsuit.
The principle in the present case is no different in any pertinent way from the principle underlying our earlier case of Stieben v. Dollison
(1983), 8 Ohio App.3d 188. Although the Stieben case involved a mandamus action, we are not inclined to allow the use of a declaratory judgment action as a way of circumventing an administrative appeal which should have been pursued years earlier.
The sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
BROWN and KENNEDY, JJ., concur.